**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI**

| | |
|---|---|
| BRANDEN MCAFEE | CASE NO. 1:24CV474-DRC-SKB |
|     Plaintiff, | Judge Douglas R. Cole |
| v. | Magistrate Judge Stephanie K. Bowman |
| I.C. SYSTEM, INC., | |
|     Defendant. | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Now comes Defendant, by counsel, and moves for judgment on the pleadings as to all claims. This motion raises two issues:

1. Plaintiff's claim under 15 U.S.C. § 1692c(c) requires facts demonstrating that Defendant attempted to collect a "debt" as defined in 15 U.S.C. § 1692a(5). Specifically, Plaintiff needed to allege that the account was a "debt" incurred primarily for personal, family, or household purposes. However, Plaintiff has failed to do so, and he cannot allege facts showing that the account referenced in the Complaint was incurred for such purposes. Plaintiff will not be able to amend, in good faith, the Complaint to make that allegation.

2. Plaintiff's claim under 15 U.S.C. § 1692c(c) requires Plaintiff to allege facts showing that Plaintiff was a "consumer", as that term is defined in 15 U.S.C. 1692a(3). Specifically, Plaintiff needed to allege that <u>he</u> is obligated or allegedly obligated to pay a "debt". *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003). Plaintiff's complaint is devoid of any such allegation.

Plaintiff will not be able to amend, in good faith, the Complaint to make that allegation.

This motion is supported by the attached memorandum.

Respectfully Submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
LAW OFFICE OF BOYD W. GENTRY, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, OH 45431
Tel. 937.839.2881
bgentry@boydgentrylaw.com
*Trial Attorney for Defendant*

## **MEMORANDUM**

### I. Introduction and Factual Background

The instant case should be dismissed because plaintiff did not, and cannot, allege two necessary elements of a claim under 15 U.S.C. § 1692c(c), namely that the alleged account is a "debt", and Plaintiff is obligated to pay on that account.

### II. Fed. R. Civ. P. 12(c)

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion [*6] may be granted only if the moving party is nevertheless clearly entitled to judgment." *Winget*, 510 F.3d at 581 (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the

2

> defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
>
> While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

*Oxbo, Inc. v. Konecranes Nuclear Equip. & Servs., LLC*, No. 3:22-cv-046, 2023 U.S. Dist. LEXIS 21492, at *5-6 (S.D. Ohio Feb. 7, 2023).

### III.   Legal Analysis

#### A. Plaintiff Did Not Allege the Elements of an FDCPA Claim.

Assuming, *arguendo*, that Plaintiff has standing, Plaintiff's claim fails as a matter of law because Plaintiff did not, and cannot, two essential elements.

First, Plaintiff's claim under 15 U.S.C. § 1692c(c) requires facts demonstrating that Defendant attempted to collect a "debt" as defined in 15 U.S.C. § 1692a(5). Specifically, Plaintiff needed to allege that the account was a "debt" incurred primarily for personal, family, or household purposes. However, Plaintiff has failed to do so, and he cannot allege facts showing that the account referenced in the Complaint was incurred for such purposes.

Second, Plaintiff's claim under 15 U.S.C. § 1692c(c) requires Plaintiff to allege facts showing that he was a "consumer", as that term is defined in 15 U.S.C. 1692a(3). Specifically, Plaintiff needed to allege that <u>he</u> is obligated or allegedly obligated to pay on the account, which is more than merely that the account was "debt". *Montgomery v.*

3

*Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003). The Complaint is devoid of any such allegation.

### (1) No Facts to Show a "Debt"

Plaintiff's Complaint omits any allegation regarding the nature of the account at issue. The only reference to the account is a brief mention in a text communication where Defendant "attempt[ed] to collect a debt owed to Verizon Wireless," accompanied by an alleged picture of the text message. *Complaint,* ¶¶ 3-6. Plaintiff alleges that Defendant sent a text message about a Verizon Wireless account, but Plaintiff failed to allege facts making it probable that the account arose from a consumer transaction and was incurred primarily for personal, family, or household purposes. Without this crucial allegation, the Complaint fails to state a claim under any section of the Fair Debt Collection Practices Act. *Lewis v. Sole Law, PLLC*, No. 22-1918, 2023 U.S. App. LEXIS 30769, at *4-6 (6th Cir. Nov. 17, 2023).

> The FDCPA was created to protect consumers from "abusive **debt** collection practices by **debt** collectors." 15 U.S.C. § 1692(e). It defines [*5] a **debt** as "any obligation or **alleged** obligation of a consumer to pay money arising out of a transaction in which the money . . . or services which are the subject of the transaction are primarily for personal, family, or household purposes." § **1692a**(**5**).
> *Because Lewis's **debt** to Acuity did not arise from a transaction that was "primarily for personal, family, or household purposes," it is not regulated by the FDCPA. § **1692a**(**5**). The nature of a **debt** for purposes of the FDCPA is determined "at the time of the transaction, not when an agency's collection efforts begin." Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 698 F.3d 290, 294 (6th Cir. 2012). Lewis entered into an agreement on behalf of Re/Max to obtain referral services in exchange for a portion of the commission Re/Max received from sales made by using Acuity's services. Thus, his **debt** arose from a transaction whose primary purpose was business, not personal. See id. (explaining that the statute's definition of a **debt** "focuses on the transaction creating the obligation to pay"). Lewis admitted as much in his complaint, noting that "the referral agreement between Acuity and Remax New Image is unquestionably of a commercial character." Because Lewis's **debt** arose from a transaction that, at the time it occurred, was for*

4

*business [\*6] purposes, it is outside the scope of the FDCPA. See Haddad, 698 F.3d at 294.*

*Lewis v. Sole Law, PLLC*, No. 22-1918, 2023 U.S. App. LEXIS 30769, at \*4-6 (6th Cir. Nov. 17, 2023).

### (2) No Facts to Show Plaintiff is the "Consumer"

Plaintiff's complaint fails to allege facts showing that Plaintiff is the "consumer" responsible for paying the account obligation as required for a claim under 15 U.S.C. § 1692c(c). *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003).

> [R]elief is limited to "consumers" only under § 1692c. As we have previously explained, "only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c." *Wright v. Fin.* [\*697] *Serv. of Norwalk, Inc.*, 22 F.3d 647, 649 n.1 (6th Cir. 1994) (*en banc*). However, § 1692c "appears to be the most restrictive of the FDCPA's provisions. The other provisions are not limited to 'consumers,' and thus are broader than § 1692c." *Id.* (citation omitted).

*Id.*

> Under the FDCPA, a "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), or "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). *See also Wright*, 22 F.3d at 649 n.1.

*Id.*, at 697.

Here, Plaintiff's Complaint fails to allege facts to meet this element. In the Complaint, the only effort made to establish Plaintiff as the consumer is a reference to Plaintiff's response to a text message from Defendant, stating, "I don't have any money and I decline to pay this debt." *Complaint*, ¶ 2. However, Plaintiff must allege that <u>he</u> incurred the debt, not merely that the account was a "debt". *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003). Plaintiff's Complaint fails to allege this essential element under 15 U.S.C. § 1692c(c). As such, the Court may dismiss the Complaint at this stage.

## IV. Conclusion

Because Plaintiff did not allege sufficient facts to show these two elements, the Complaint should be dismissed. Further, Defendant believes that Plaintiff will not be able to allege, in good faith, facts to show those elements. Therefore, Defendant respectfully requests that Plaintiff not receive leave to amend without Plaintiff first filing a motion for leave to amend explaining the basis for any amendment.

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (OH#0071057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
bgentry@boydgentrylaw.com
*Counsel for Defendant*

## Certificate of Service

I certify that the foregoing has been served to Plaintiff by placing it in the mail on October 10, 2024, first class postage prepaid, addressed to the following:

Branden McAfee
300 E Business Way
Suite 200
Cincinnati, OH 45204

/s/Boyd W. Gentry
Boyd W. Gentry (OH#0071057)