## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Branden Mcafee, | : | Case No: 24-CV-00474-DRC-SKB |
| | : | |
| Plaintiff, | : | Judge: Cole |
| | : | Magistrate Judge: Bowman |
| v. | : | |
| | : | DEFENDANT'S MEMORANDUM IN |
| IC System, Inc., | : | OPPOSITION TO PLAINTIFF'S MOTION |
| | : | TO STRIKE (Dkt. 11) |
| Defendant. | : | |

Now comes Defendant IC System, Inc. ("ICS"), by counsel, and opposes the motion to strike filed by Plaintiff Branden McAfee (Dkt. 11).

## Background

Plaintiff filed his Complaint under the Fair Debt Collection Practices Act, claiming that Defendant sent him a text message after he declined to pay a bill. Defendant filed an Answer denying liability and raising four (4) affirmative defenses. (Dkt. 5) Plaintiff filed his first motion to strike Defendant's affirmative defenses. (Dkt. 8) Defendant then filed an Amended Answer with four (4) affirmative defenses. (Dkt. 9), mooting Plaintiff's first motion to strike. Plaintiff then renewed his motion to strike affirmative defenses. (Dkt. 11) That motion should be denied.

Plaintiff's motion argues as follows:

> Plaintiffs [*sic*] requests this Court to strike the Defendant's four affirmative defenses as insufficient, frivolous, vague, conclusory, and without factual basis under Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's affirmative defenses are merely boilerplate recitations that are so vague that they do not provide fair notice and significantly hinder Plaintiffs [sic] ability to narrowly tailor discovery or adequately prepare for trial. Therefore, this Court should strike the Defendant's affirmative defenses or, in the alternative, require the Defendant to amend its affirmative defenses.

(Dkt. 11, pp. 2-3)

Plaintiff asserts that the Court must determine: "1) Whether Twombly's plausibility

standard should apply to the affirmative defenses pled by Defendant, and 2) Whether the four affirmative defenses asserted by Defendant are insufficient and should be struck under Fed. R. Civ. P. 12(f)". (Dkt. 11)

**Argument**

### A. Standard of Review

A federal court, upon motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are within the trial court's discretion, they are generally disfavored. *Yates-Mattingly v. Univ. of Cincinnati*, No. 1:11-cv-753, 2013 WL 526427, at *1 (S.D. Ohio Feb. 11, 2013). In another case filed by Plaintiff, this court recognized that only defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them" should be stricken. *McAfee v. TransUnion*, LLC, No. 1:23-cv-393, 2024 U.S. Dist. LEXIS 162598 (S.D. Ohio Sep. 10, 2024); see also *McAfee v. Experian Info. Sols.*, No. 1:23-cv-444, 2024 U.S. Dist. LEXIS 53032, at *6 (S.D. Ohio Mar. 23, 2024).

### B. The *Twombly* Standard Should Not Apply To Affirmative Defenses.

The Sixth Circuit Court of Appeals has never expressly ruled that the heightened pleading standard for complaints also applies to affirmative defenses, and district courts within the Sixth Circuit are divided on the issue. *Kirkbride v. Kroger Co.*, No. 2:21-cv-00022, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023) (citing *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016)). Within the Southern District of Ohio, courts remain split on this question. Recently, in *GS Holistic, LLC v. Lebanon Smokes & Things, Inc.*, No. 1:23-cv-638, 2024 WL 278173, at *1 (S.D. Ohio Jan. 25, 2024), the court held that the heightened pleading standard for Complaint does not apply to affirmative defenses. Instead, "[a]n affirmative defense may be pleaded in general terms

2

and will be sufficient as long as it gives the plaintiff fair notice of the nature of the defense." *Id.* (quoting *Pough v. DeWine*, No. 2:21-cv-880, 2022 WL 2437140, at *1 (S.D. Ohio Jul. 5, 2022) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)).

Judges within the Southern District of Ohio have held similarly that standard for Complaint does not apply to affirmative defenses. *See McAfee v. Experian Info. Sols.*, No. 1:23-cv-444, 2024 U.S. Dist. LEXIS 53032, at *6 (S.D. Ohio Mar. 23, 2024); *Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *6 (S.D. Ohio July 25, 2022); *CCS Constr. Co., LLC*, 2020 WL 6707300, at *2; *Ohio ex re. Dewine v. Globe Motors, Inc.*, No. 3:18-cv-142, 2019 WL 3318354, at *2-3 (S.D. Ohio July 23, 2019); *Ruff v. Credit Adjustment, Inc.*, No. 2:18-cv-351, 2019 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018); *Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-93, 2013 WL 3876176, at *2 (S.D. Ohio Jul. 26, 2013).

## C. The "bona fide error" defense gives fair notice of the nature of the defense.

Defendant's Amended Answer raised the bona fide error defense found in 15 U.S.C. §1692k as follows:

> 1.   To the extent that Defendant is found to have violated the law, such violation was unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error, and thus, the complaint must be dismissed. Specifically, if a consumer notifies Defendant in writing that the consumer refuses to pay a debt or that the consumer wishes Defendant to cease further communication with the consumer, Defendant has a procedure designed to cease communication with the consumer with respect to such debt, except—
> > (1) to advise the consumer that Defendant's further efforts are being terminated;
> > (2) to notify the consumer that Defendant or the creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

> (3)where applicable, to notify the consumer that Defendant or the creditor intends to invoke a specified remedy. Further, Defendant has policies in place to cease communications with persons who refuse payment. Here, Defendant did not solicit payment from Plaintiff.

*See Amended Answer, First Affirmative Defense (Dkt. 9).* That affirmative defense is sufficiently detailed as it explains Defendant's procedure maintained to avoid the alleged violation of 15 U.S.C. § 1692c. Specifically, "if a consumer notifies Defendant in writing that the consumer refuses to pay a debt or that the consumer wishes Defendant to cease further communication with the consumer, Defendant has a procedure designed to cease communication with the consumer with respect to such debt, except" in certain detailed circumstances. *See Amended Answer, First Affirmative Defense (Dkt. 9).* The Answer clearly gave Plaintiff notice of the nature of the defense.

**D. The "standing" defense gives fair notice of the nature of the defense.**

Defendant's second affirmative defense reads as follows:

> 2. Plaintiff lacks standing because no communication was sent to Plaintiff. Furthermore, Plaintiff suffered no concrete harm, damages, or risk of loss.

*See Amended Answer, Second Affirmative Defense (Dkt. 9). This standing defense is obvious.* If the alleged text message at issue in the Complaint was sent to another person, not Plaintiff, then Plaintiff would lack standing. Although Defendant agrees that Plaintiff bears the burden of proving standing, this defense was raised to give notice to Plaintiff and the Court that Defendant may litigate this issue. Raising this issue early eliminates surprise.

**E. The "real party in interest" defense gives fair notice of the nature of the defense.**

Defendant's third affirmative defense reads as follows:

> 3. Plaintiff is not the real party in interest as no communication was sent to Plaintiff.

4

*See Amended Answer, Third Affirmative Defense (Dkt. 9)*. That defense gives Plaintiff fair notice. If the alleged text message at issue in the Complaint was sent to another person, not Plaintiff, then Plaintiff is not the real party in interest. "Real party in interest" is an affirmative defense. *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017) ("An argument that the plaintiff is not the real party in interest is an affirmative defense that must be asserted with reasonable promptness.").

**F. The "subject matter jurisdiction" defense gives fair notice of the nature of the defense.**

Defendant's fourth affirmative defense reads as follows:

4. This Court lacks subject matter jurisdiction because Plaintiff suffered no concrete harm, damages, or risk of loss.

*See Amended Answer, Fourth Affirmative Defense (Dkt. 9)*. Standing is a recognized defense. *Martinez v. Mayorkas*, No. 1:13cv485, at *3-4 (S.D. Ohio Sep. 30, 2014); *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340-341, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016); *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). Again, Defendant agrees that Plaintiff bears the burden of demonstrating subject matter jurisdiction, but this defense was raised to give notice to Plaintiff and the Court that Defendant may litigate this issue. Raising this issue early eliminates surprise and any perceived unfairness. Defendant's answer gave fair notice of the nature of this defense, and it should not be stricken.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway
First Floor
Dayton, OH 45431
Tel. (937) 839-2881
bgentry@boydgentrylaw.com
*Counsel for Defendant*

## Certificate of Service

I certify that the foregoing has been served by U.S. Mail to the following on October 18, 2024:

Branden McAfee
300 E Business Way, Suite 200
Cincinnati OH 45240

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)