**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRANDEN MCAFEE,

      Plaintiff,

          v.

IC SYSTEM, INC.,

      Defendant

Case No. 1:24-cv-474

Cole, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Branden McAfee, a frequent litigant in this Court,[1] paid the requisite filing fee and initiated this Fair Debt Collection Act case on September 3, 2024. Defendant filed its answer on September 26, with an amended answer filed on September 30, 2024. (Docs. 5, 9). Currently pending before the undersigned are four non-dispositive motions. In addition to the non-dispositive motions, Defendant has moved for judgment on the pleadings. Pursuant to local practice, all non-dispositive matters have been referred to the undersigned magistrate judge.

    **I.**    **Analysis of Non-Dispositive Motions**

        **A. Motions to Strike Defendant's Affirmative Defenses (Docs. 8, 11)**

Plaintiff moved to strike all affirmative defenses included in Defendant's Answer. The filing of Defendant's amended answer rendered moot Plaintiff's first motion to strike. (Doc. 8). But after Defendant filed its amended answer, Plaintiff again moved to strike based on the assertion that the defenses are "boilerplate" and are overly vague in violation of the Rule 8 pleading standard interpreted in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

---

[1]*See, e.g.*, Nos. 1:22-cv-110-SJD-SKB, 1:22-cv-216-MRB-KLL, 1:23-cv-351-DRC-KLL, 1:23-cv-444-JPH-KLL, 1:23-cv-586-JPH-SKB, 1:23-cv-811-DRC-SKB, 1:24-cv-168-MRB-SKB.

(2007) and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009). (Doc. 11). Defendant filed a response in opposition to Plaintiff's second motion to strike, to which Plaintiff has filed no timely reply.

Plaintiff urges this Court to strike the defenses under the *Iqbal/Twombly* pleading standard. The undersigned declines to do so. Although disposition of motions to strike is discretionary, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co*., 783 F.3d 1045, 1050 (6th Cir. 2015). No binding or controlling published authority within the Sixth Circuit holds that the *Iqbal/Twombly* standard applies to affirmative defenses, and the unpublished case law within the Sixth Circuit remains divided.

On the whole, the undersigned finds persuasive the body of case law that rejects Plaintiff's position. In *McAfee v. Experian Info. Sols*., No. 1:23-cv-444-JPH-KLL, 2024 WL 1242296 (S.D. Ohio Mar. 25, 2024), U.S. Magistrate Judge Karen Litkovitz recently analyzed a similar motion made by the same Plaintiff. The undersigned finds Judge Litkovitz's analysis to be highly persuasive and adopts it in full:

> The Sixth Circuit Court of Appeals has not yet addressed whether *Twombly* and *Iqbal* apply to affirmative defenses. *Kirkbride v. Kroger Co.*, No. 2:21-cv-00022, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023) (citing *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016)). District courts in this circuit and, more narrowly, within the Southern District of Ohio are split on this issue. Recently in *GS Holistic, LLC v. Lebanon Smokes & Things, Inc.*, No. 1:23-cv-638, 2024 WL 278173, at *1 (S.D. Ohio Jan. 25, 2024), the Court held that the heightened pleading standards of *Twombly-Iqbal* do not apply to affirmative defenses. "Instead, '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Id.* (quoting *Pough v. Dewine*, 2022 WL 2437140, at*1 (S.D. Ohio Jul. 5, 2022) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (in turn quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274))). Many judges within the Southern District of Ohio have held in accord that *Twombly* and *Iqbal* do not apply to affirmative defenses. *See*

2

*Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *6 (S.D. Ohio July 25, 2022); *CCS Constr. Co., LLC*, 2020 WL 6707300, at *2; *Ohio ex re. Dewine v. Globe Motors, Inc*., No. 3:18-cv-142, 2019 WL 3318354, at *2-3 (S.D. Ohio July 23, 2019); *Ruff v. Credit Adjustment, Inc*., No. 2:18-cv-351, 2019 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018); *Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014*); Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-93, 2013 WL 3876176, at *2 (S.D. Ohio Jul. 26, 2013).

In contrast, other judges within this district have held that that affirmative defenses must comport with the *Twombly-Iqbal* pleading standards to survive dismissal. *See Kirkbride v. Kroger Co.*, No. 2:21-cv-22, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023); *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-cv-1055, 2020 WL 4933919, at *4 (S.D. Ohio Aug. 24, 2020) (citing *Doe v. Bd. of Educ. of Highland Local Sch. Dist.*, 2:16-cv-524, 2017 WL 3588727, at *2 (S.D. Ohio Aug. 21, 2017)).

The undersigned has previously declined to apply the *Twombly-Iqbal* pleading standards to affirmative defenses and continues to be persuaded that this interpretation is consistent with Rule 8(a)(2).[4] *See CCS Constr. Co.*, 2020 WL 6707300, at *3. A party wishing to assert an affirmative defense in response to a pleading need only "affirmatively state any avoidance or affirmative defense ...." *Id.* (quoting Fed. R. Civ. P. 8(c)(1)). Pleading an affirmative defense in general terms is sufficient "as long as it gives plaintiff fair notice of the nature of the defense" and satisfies both the law and the spirit of Rule 8. *Id.* (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274)). Therefore, as long as each of Experian's affirmative defenses give fair notice to plaintiff of the nature of the defenses, the Court will not strike them.

Other than his in-depth arguments that the *Twombly-Iqbal* pleading standards should be applied in this case, plaintiff makes only sweeping claims in his motion to strike rather than addressing each of Experian's affirmative defenses. He broadly states that "all or nearly all of Defendant's asserted affirmative defenses are, either, insufficiently pled or simply not affirmative defenses. Such conclusory, shotgun assertions, absent factual support and addressing the Plaintiff's complaint as a whole, as if each count was like every other count, was insufficient as a matter of law." (Doc. 12 at PAGEID 85).

Plaintiff has also not addressed the factual allegations Experian has added in its amended answer to buttress many of its affirmative defenses. It is not the Court's duty to "conjure allegations on a litigant's behalf." *Baldwin v. Hutson*, No. 6:19-cv-151, 2020 WL 3530563, at *1 (E.D. Ky. June 30, 2020)

3

(quoting *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)); *see also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Issues that are presented "in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (citations omitted).

*Id*. at \*\*3-4. Because the undersigned rejects Plaintiff's premise that *Twombly-Iqbal* applies, there is no need to further review the affirmative defenses under the standard proposed by Plaintiff in his motion to strike. Nevertheless, the undersigned has reviewed each of the four affirmative defenses asserted by Defendant, and finds that each provides sufficient "fair notice" of the defense asserted.

### B. Motions for Continuance (Docs. 14, 18)

On October 15, Plaintiff filed a motion seeking a "continuance pursuant to Rule 56(d)" in order to conduct fact discovery prior to the Court's ruling on Defendant's motion for judgment on the pleadings. (Doc. 14). Plaintiff mistakenly refers to the Defendant's motion as a motion for "summary judgment." However, as Defendant points out in opposition,[2] Defendant's dispositive motion has not been filed under Rule 56, but under Rule 12(c), Fed. R. Civ. P. In other words, the motion seeks judgment as a matter of law based on alleged deficiencies in Plaintiff's complaint. The scope of the Court's review under Rule 12(c) is appropriately limited to the pleadings. Because no discovery is required for disposition of a motion filed under Rule 12(c), Plaintiff's motion for a continuance based on Rule 56 will be denied.

On October 23, 2024, Plaintiff filed a second motion to continue this case – specifically, to "hold case deadlines in abeyance pending ruling on Defendant[']s motion

---

[2]Plaintiff filed no timely reply to Defendant's response in opposition to his motion for a continuance to conduct discovery.

4

for judgment on the pleadings and motion to expedite the ruling…." (Doc. 18). Plaintiff seeks to continue or extend the April 1 discovery deadline based on his concern that the 6-month period for discovery "will come and go quite rapidly" during the time that Defendant's motion remains pending. In addition, Plaintiff expresses concern that Defendant will "stall" on responding to his requests.

Although Defendant has yet to file a formal response to Plaintiff's second motion,[3] there is little doubt that both parties will benefit from an expedited ruling on the pending dispositive motion. That said, Plaintiff's deadline for filing a response to that motion only recently expired on November 4, 2024. Now that Defendant's motion appears to be fully ripe and unopposed, the presiding district judge is likely to rule on it as promptly as his docket allows. But Plaintiff's motion to continue deadlines is premature at this point in time. Discovery is not set to expire until April 1, 2025, and the dispositive motion deadline is May 1, 2025. If Defendant's motion remains pending after March 1, 2025, Plaintiff may at that time file a more appropriate motion to extend deadlines if necessary.

## II.     Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's first motion to strike (Docs. 8) is **DENIED AS MOOT** in light of the filing of Defendant's amended answer;

2. Plaintiff's second motion to strike (Doc. 11) is **DENIED** for the reasons stated;

3. Plaintiff's motions to continue (Docs. 14, 18) are also **DENIED.** Said denial is without prejudice to Plaintiff's ability to move for an extension of deadlines, after

---

[3]Defendant's response time does not expire until November 18, 2024. However, the Court finds no need to await that response given the prematurity of Plaintiff's motion.

consultation with defense counsel, should the motion for judgment on the pleadings remain pending beyond March 1, 2025.


_s/Stephanie K. Bowman_____
Stephanie K. Bowman
United States Magistrate Judge