# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**BRANDEN MCAFEE,**

    **Plaintiff,**

                            Case No. 1:24-cv-474

   v.

**IC SYSTEM, INC.,**                 **JUDGE DOUGLAS R. COLE**
                                        Magistrate Judge Bowman

    **Defendant.**

## OPINION AND ORDER

Plaintiff Branden McAfee, proceeding pro se, sued Defendant IC System, Inc. (IC) for violating the Fair Debt Collection Practices Act (FDCPA). *See* 15 U.S.C. § 1692 et seq. In response, IC moved for judgment on the pleadings, arguing that McAfee did not allege elements necessary to state his claim. The Court agrees in part and therefore **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. 12). But because McAfee potentially could amend his Complaint to cure the deficiency (assuming the facts support it), the Court **DISMISSES** McAfee's Complaint (Doc. 1) **WITHOUT PREJUDICE**.

## BACKGROUND

This is a straightforward FDCPA case. McAfee alleges that, on July 19, 2024, IC sent him a text attempting to collect a debt he owed to Verizon Wireless. (Doc. 1, #2). According to McAfee, that same day he responded by text, stating, "I don't have any money and I decline to pay this debt." (*Id.*). Several weeks later, on September 1, 2024, IC allegedly resent McAfee the same debt collection text it sent him in July. (*Id.* at #3, 7).

This time, McAfee responded by suing. He alleges that, in light of his earlier notification to IC that he refused to pay the debt, IC's renewed communications with him about that debt violated the FDCPA. (*Id.*). So he brought this suit under 15 U.S.C. § 1692c(c).

IC has now moved for judgment on the pleadings. (Doc. 12). It argues that McAfee failed to allege facts showing that McAfee is a "consumer," and that the money owed is a "debt" as 15 U.S.C. § 1692a defines those terms. (*Id.* at #61–63).

McAfee did not oppose IC's motion, and the deadline for doing so has long since passed. So the motion is ripe for review.

## LEGAL STANDARD

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6)." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 828 (S.D. Ohio 2020). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bullington v. Bedford Cnty.*, 905 F.3d 467, 469 (6th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up). To make that determination, the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). And when analyzing a motion for judgment on the pleadings, the Court "generally must confine its review to the pleadings." *Anderson v. ABF Freight Sys., Inc.*, No. 1:23-cv-278, 2024 WL 51255, at *9 (S.D. Ohio Jan. 4, 2024). That said,

2

"when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007); *see also* Fed. R. Civ. P. 10(c). "These written instruments are records falling within a narrowly defined class of legally significant documents on which a party's action or defense is based." *Anderson*, 2024 WL 51255, at *9 (cleaned up). For that reason, they "often create or define legal rights or obligations, or define or reflect a change in legal relationships." *Id.* (citation omitted).

## LAW AND ANALYSIS

**A.    The Motion for Judgment on the Pleadings Is Unopposed.**

The Court starts by noting that IC's motion for judgment on the pleadings is unopposed. IC moved on October 10, 2024, so McAfee's response was due October 31, 2024. S.D. Ohio Civ. R. 7.2(a)(2). McAfee opted not to file one. True, McAfee is proceeding pro se, so one could perhaps argue he did not realize that local rules required a response by that date. *Layne v. Thouroughman*, No. 1:23-cv-702, 2024 WL 3068872, at *3 (S.D. Ohio June 20, 2024). But McAfee has filed his fair share of pro se lawsuits in this district in the past few years,[1] so the Court concludes that it's fair to presume he knew of the response deadline and just failed to comply.

---

[1] *See* Compl., *McAfee v. Experian Info. Sols.*, No. 1:22-cv-110 (S.D. Ohio Feb. 28, 2022); Compl., *McAfee v. Equifax, Inc.*, No. 1:22-cv-216 (S.D. Ohio Apr. 22, 2022); Compl., *McAfee v. Jefferson Cap. Sys., LLC*, No. 1:23-cv-351 (S.D. Ohio June 8, 2023); Compl., *McAfee v. TransUnion, LLC*, No. 1:23-cv-393 (S.D. Ohio June 22, 2023); Compl., *McAfee v. Experian Info. Sols.*, No. 1:23-cv-444 (S.D. Ohio July 17, 2023); Compl., *McAfee v. Cont'l Srvs. Grp., LLC*, No. 1:23-cv-586 (S.D. Ohio Sept. 18, 2023); Compl., *McAfee v. Equifax Info. Srvs. LLC*, No. 1:23-cv-811 (S.D. Ohio Dec. 14, 2023); Compl., *McAfee v. TransUnion LLC*, No. 1:24-cv-168 (S.D. Ohio Mar. 28, 2024).

One further wrinkle, though. It also appears McAfee may have mistaken IC's motion for judgment on the pleadings instead as a motion for summary judgment. (*See* Doc. 14, #67). On October 15, 2024, he moved for a continuance and asked the Court to "defer consideration of [IC]'s Motion *under Rule 56(d)* to allow [McAfee] to take discovery related in this action." (*Id.* (emphasis added)). Federal Rule of Procedure 56(d), of course, is the rule that allows a party responding to a summary judgment motion to obtain more time, when necessary, to gather evidence to oppose the motion. That rule does not apply to motions under Rule 12(c), as the Court does not consider "evidence" in connection with such motions. *See Anderson*, 2024 WL 51255, at *9 (explaining that courts "confine" their review to the pleadings when analyzing motions for judgment on the pleadings). But nonetheless, the request perhaps could be understood as seeking more time to respond.

The story, however, doesn't end there. On October 23, 2024, after the Magistrate Judge set a case calendar, McAfee changed his tune. Rather than stick with the previously requested continuance, he instead moved for an expedited ruling on IC's motion for judgment on the pleadings, and further requested that the Court hold the case deadlines in abeyance pending that ruling. (Doc. 18). So not only was he aware of IC's motion, but he *explicitly* requested that the Court rule on it as "expeditiously" as possible so the parties can "move this process along." (*Id.* at #86). Yet, despite requesting expeditious action on the Court's part, he still declined to respond to IC's motion.

4

At this point, then, the Court finds that IC's motion is unopposed. *Layne*, 2024 WL 3068872, at *4; *see also FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629 (6th Cir. 2014)). McAfee has thus "waived opposition to the motion." *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (citing *Scott v. State of Tennessee*, 1989 WL 72470, at *2 (6th Cir.1989)).

**B.   McAfee Failed to Plausibly Allege a Necessary Element of His FDCPA Claim.**

The Court could grant IC's motion for judgment on the pleadings based on McAfee's failure to respond alone. *Layne*, 2024 WL 3068872, at *4. But given his apparent confusion about which Federal Rule of Civil Procedure governs the motion[2] and whether the parties are entitled to discovery before responding (which could explain his failure to respond), the Court thinks it best to conduct an independent review of the pleadings. *See id.* At day's end, though, the extra leg work does not change the result—dismissal is still warranted.

To state a claim under the FDCPA, McAfee must plead facts creating at least a plausible inference that (1) he is a consumer; (2) he incurred a debt; (3) IC is a debt collector; and (4) IC's conduct violated § 1692c(c)'s prohibitions. *See Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Williams v. Louisville Recovery Serv., LLC*, No. 24-5303, 2024 WL 4950167, at *2 (6th Cir. Dec. 3, 2024). IC argues

---

[2] Federal Rule of Civil Procedure 12(c) governs IC's motion for judgment on the pleadings. But McAfee, in believing that IC's motion is one for summary judgment, has cited Federal Rule of Civil Procedure 56 as the governing rule in various filings. (*See, e.g.*, Doc. 14). Rule 56, however, is inapplicable here.

5

that McAfee failed to clear that hurdle as to the first two elements. The Court takes each in turn.

Start with the "consumer" element. Under the FDCPA, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).[3] McAfee's Complaint alleges that "[McAfee] is a consumer as defined by the [FDCPA]." (Doc. 1, #2). In and of itself, that is not enough. The *Iqbal/Twombly* standard makes clear that courts need not accept legal conclusions masquerading as factual allegations, *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014), and that is all this allegation is. But the Complaint also offers more, detailing the text IC sent to McAfee. By its own language, that text purports to be a "communication from IC System … concerning *your* Verizon Wireless account." (Doc. 1, #3 (emphasis added)). The "your" in that text presumably refers to McAfee. After all, that's the person to whom IC sent the text. So it doesn't take a big leap to infer that McAfee is the "natural person … allegedly obligated to pay [the Verizon] debt." 15 U.S.C. § 1692a(3). The Court therefore concludes that he has plausibly alleged that he is a "consumer."

IC disagrees. It homes in on McAfee's response text, which stated: "I don't have any money and I decline to pay this debt." (Doc. 12, #63 (citing Doc. 1, #2)). According to IC, McAfee's response failed to acknowledge that *he* incurred the debt as opposed to someone else, which means he failed to allege that he is a "consumer." (*Id.*). But for the reasons already explained, the Court is not persuaded. Beyond that, the case IC cites for support offers it no help. In *Montgomery v. Huntington Bank*, the plaintiff

---

[3] Under 15 U.S.C. § 1692c(d), the term "consumer" also includes "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."

6

brought a claim on behalf of his mother after the defendants repossessed her car. 346 F.3d 693, 695–96 (6th Cir. 2003). There, the plaintiff failed to allege facts showing why *he* was obligated to pay the car debt (as opposed to his mother), so the court found that he was not a "consumer." *Id.* at 697. Not so here. McAfee did not bring this case on behalf of someone else, and he alleged facts supporting at least an inference that he owes the Verizon debt at issue.[4]

Now consider the "debt" element. The FDCPA defines "debt" as a monetary obligation incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). On this element, McAfee runs into some trouble. He alleges that the debt concerns a "Verizon Wireless account," (Doc. 1, #2–3), but he offers no facts connecting that account to a personal, family, or household purpose. McAfee could very well use the Verizon account at issue for business or commercial purposes, in which case the FDCPA would not cover the debt. *See Lewis v. Sole L., PLLC*, No. 22-1918, 2023 WL 11018147, at *2 (6th Cir. Nov. 17, 2023). As such, McAfee did not plausibly allege the second element of his FDCPA claim. And his failure to adequately plead an essential element of his claim is fatal to his Complaint.

## CONCLUSION

All told, McAfee has not sufficiently pleaded his 15 U.S.C. § 1692c(c) claim. He simply did not allege facts giving rise to a plausible inference that he owes a "debt" as the FDCPA defines that term. But McAfee potentially could cure that deficiency

---

[4] Had McAfee failed to allege facts establishing that he is a "consumer" under the FDCPA, he would have lacked standing to sue. *Montgomery*, 346 F.3d at 697. But as described he did sufficiently plead that "consumer" element, so standing poses no issue.

7

by amendment, so the Court will dismiss his claim without prejudice. Accordingly, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. 12) and **DISMISSES** McAfee's Complaint (Doc. 1) **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

December 9, 2024
**DATE**

DOUGLAS R. COLE
**UNITED STATES DISTRICT JUDGE**